UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANDREW STEPHEN WILLIAMS,

          Petitioner,

v.

LYNN DINGLE, Warden, and
JOAN FABIAN, Commissioner of
Corrections,

          Respondents.

Civil No. 07-2922 (JNE/SRN)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action is barred by the applicable statute of limitations. The Court will therefore recommend that the action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In 2003, Petitioner was convicted of first degree criminal sexual conduct in the state district court for Dakota County, Minnesota. He was sentenced to 360 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner filed a direct appeal following his conviction and sentence, but he later filed a "Notice of Voluntary Dismissal," which prompted the Minnesota Court of Appeals to dismiss the direct appeal on January 22, 2004. (Petitioner's "Memoranda of Proceedings," [Docket No. 6], p. 1, ¶s 8, 9.[2]) On August 23, 2004, Petitioner filed a post-conviction motion in the trial court. (Id., ¶ 10.) Petitioner's post-conviction motion was denied by the trial court on May 9, 2005, (id., p. 2, ¶ 16), and Petitioner then filed another appeal.

On or about April 6, 2006, the Minnesota Court of Appeals upheld the trial court's denial of the post conviction motion. (Id., ¶ 22.) The Minnesota Supreme Court denied Petitioner's application for further review on June 20, 2006. (Id., ¶ 25.)

Petitioner's current federal habeas corpus petition is dated June 14, 2007, and it was filed by the Clerk's Office on June 18, 2007. The petition lists three grounds for relief, which Petitioner has summarized as follows:

(1) "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge & consequences of plea;"

(2) "Denial of effective assistance of counsel when counsel failed to fully advise and inform Petitioner of consequences and stipulation of plea;" and

(3) "Denial of effective assistance of appellate counsel."

---

[2]  When this matter first came before this Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court noted that Petitioner was challenging a conviction and sentence that had been entered nearly four years earlier, and that his petition appeared to be barred by the one-year statute of limitations that applies to federal habeas petitions.  28 U.S.C. § 2244(d)(1).  Therefore, Petitioner was ordered to file an affidavit and memorandum that would show the full procedural history of his case, and explain why this action should not be summarily dismissed due to untimeliness. (See Order dated June 27, 2007; [Docket No. 3].)  Petitioner's "Memoranda of Proceedings" was filed in response to that order.

(Petition, pp. (5) - (6), ¶ 12.)

None of Petitioner's claims can be entertained on the merits, however, because his petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act ("AEDPA"), brought several significant changes to the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.  This statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right, or any new evidence that could not have been discovered earlier.  Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's direct appeal ended on January 22, 2004, when the Minnesota Court of Appeals dismissed the appeal pursuant to Petitioner's Notice of Voluntary Dismissal. However, for federal statute of limitations purposes, the judgment of conviction "became final by the conclusion of direct review" upon the expiration of the ninety-day deadline for seeking certiorari review in the United States Supreme Court. Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007) (when a state prisoner does not seek discretionary review in the state's highest court, the judgment of conviction "becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed" by the intermediate level appellate court), citing Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir.1999).  Therefore, Petitioner's judgment of conviction became final for purposes of § 2244(d)(1)(A) on April 21, 2004 – ninety days after the Minnesota Court of Appeals dismissed Petitioner's direct appeal.  The one-year statute of limitations began to run the next day – April 22, 2004.  However, Petitioner did not commence this action until on or

about June 14, 2007,[3] which was more than three years after the statute of limitations began to run.

The Court recognizes, of course, that the statute of limitations was tolled, pursuant to 28 U.S.C. § 2244(d)(2), during the entire period of time when Petitioner was pursuing his post-conviction motion in the state courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). Petitioner filed his post-conviction motion on August 23, 2004, so the statute of limitations was first tolled on that date. The statute remained tolled during the entire period of time that Petitioner's post-conviction proceedings were pending in the trial court and state appellate courts. However, the tolling period ended, and the statute of limitations began to run again, when the Minnesota Supreme Court handed down its final decision in the post-conviction proceedings on June 20, 2006. See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.) (§ 2244(d)(2) tolling period ends upon completion of state post-conviction proceedings in the highest state appellate court), cert. denied, 532 U.S. 998 (2001); Lawrence v. Florida, 127 S.Ct. 1079, 1086 (2007) (same). Thus, the Court finds that the statute of limitations was tolled in this case, pursuant to § 2244(d)(2), from August 23, 2004, until June 20, 2006. However, even though the statute was not running during that

---

[3] Because Petitioner is a prisoner, the filing date of this action, (for statute of limitations purposes), could be moved up to the date when he delivered his original petition to prison authorities for mailing. Rule 3 (d), Rules Governing Section 2254 Cases In The United States District Courts. To obtain the benefit of that earlier filing date, Petitioner was required to submit a sworn declaration or notarized statement confirming the date when he deposited his petition in the prison's internal mailing system. Id. However, Petitioner has not submitted any such declaration or statement, so he is not entitled to an earlier filing date under Rule 3(d). Furthermore, Petitioner's habeas corpus petition is dated June 14, 2007, so he could not have deposited the petition in a prison mailing system before that date. Therefore, even if Petitioner is granted the benefit of the "prison mail box rule," (which the Court will indeed grant him, for present purposes), his filing date cannot be any earlier than June 14, 2007.

tolling period, the statute was still running in this case for more than a year.

The statute of limitations computation in this case can be summarized as follows: The statute of limitations initially began to run on April 22, 2004, (90 days after the Minnesota Court of Appeals dismissed Petitioner's direct appeal).  The statute continued to run until Petitioner filed his state post-conviction motion, thereby tolling the statute of limitations, on August 23, 2004.  This means that the statute ran for a total of 123 days, (April 22, 2004, to August 22, 2004), before it was tolled by the filing of Petitioner's post-conviction motion.  The statute remained tolled, (i.e., the statute was not running), from August 23, 2004, until June 20, 2006, while Petitioner's post-conviction proceedings were pending in the state courts.  The statute of limitations then started running again on June 21, 2006, (the day after the post-conviction action was completed), and the statute continued to run thereafter for another 358 days, until June 14, 2007 – the date when Petitioner is deemed to have filed his current federal habeas corpus petition.  Thus, the statute of limitations was running for a total of 481 days – 123 days before the tolling period began, and then another 358 days after the tolling period ended.  Because the statute was running in this case for a total of 481 days, the Court finds that this action was commenced after the expiration of the one-year (365-day) limitation period prescribed by § 2244(d)(1).  In short, even with the benefit of the tolling provisions of § 2244(d)(2), this case is time-barred, because it was filed 116 days too late.[4]

_____

[4] Petitioner may believe that his state post-conviction motion did not merely toll the statute of limitations, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until his state post-conviction proceedings were fully complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired."  Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled").  The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'"  Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).  Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance.  Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show

---

As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.  Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in any of his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect [his] right to federal habeas review of [his] conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

In sum, the Court finds, for the reasons discussed above, that this action is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. Furthermore, the action should be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 2.) Having determined that this action must be summarily dismissed pursuant to the applicable statute of limitations, the Court will further recommend that Petitioner's pending IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's petition for writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2.   Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.   This action be DISMISSED WITH PREJUDICE.


Dated: January 29, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 13, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.